In 1993, the defendant, Genaro Gutierrez, pleaded guilty to a charge of assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A. Twenty-three years later in January, 2016, he filed the instant motion to withdraw his plea and vacate the finding of guilty.
In the Superior Court, he argued that plea counsel failed to inform him that his criminal conviction would lead to his nearly automatic removal from the United States, and that this amounted to ineffective assistance of counsel under Padilla v. Kentucky, 559 U.S. 356 (2010), by which he had been prejudiced. Although the fact section of his memorandum in support of his motion correctly stated the date of the plea hearing, May 17, 1993, the memorandum argued incorrectly that the "plea was entered prior to the ruling in Padilla but after April 1, 1997, therefore Padilla should be applied retroactively." In Commonwealth v. Clarke, 460 Mass. 30, 31 (2011), the Supreme Judicial Court held that Padilla would be applied retroactively to collateral challenges to convictions after April 1, 1997, the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (1996 Act), the point at which deportation became "intimately related to the criminal process" and "nearly an automatic result for a broad class of noncitizen offenders." Padilla, 559 U.S. at 365, 366. See Commonwealth v. Sylvain, 466 Mass. 422, 436 (2013).
The motion judge noted correctly that the plea in this case was entered prior to the retroactivity date of April 1, 1997, and also held that the defendant had not met his burden under Commonwealth v. Saferian, 366 Mass. 89, 96 (1974), in any respect.
On appeal, the defendant argues for the first time that the retroactivity date of Padilla should be pushed back to the effective date of the Immigration Act of 1990 (1990 Act). He offers a somewhat convoluted argument, the gravamen of which appears to be that, unlike many noncitizen criminal defendants, his deportation was made virtually automatic by that statute, rather than the 1996 Act.[2] However, we need not decide whether, in the defendant's circumstances, Padilla is retroactive to the effective date of the 1990 Act. The defendant's affidavit does not assert that he was given inadequate immigration advice by counsel, nor does it aver that he would have gone to trial had he received appropriate immigration advice from counsel. He asserts only that, had he known that he could fight his case at trial rather than pleading guilty, he would have done so. Even if the affidavit were credited, as the motion judge correctly noted, it could not support a finding sufficient to meet the Saferian standard of a failure to provide information about immigration consequences, nor one that any such failure was prejudicial to the defendant.
Order denying motion to withdraw plea and vacate finding of guilt affirmed.

It is possible that he is asserting that the 1996 Act had retroactive effect on his 1993 conviction, but even if that is his argument it changes nothing in our analysis. The defendant does not challenge the retroactive effect of the 1996 Act, whatever it may have been, on his 1993 conviction.